**Patrick D. Angel,** OSB No. 032672
patrick@angellawpc.com
Angel Law PC
6960 SW Varns Street
Suite 110
Portland, Oregon 97223
Telephone: (503) 953-8224
Facsimile: (503) 828-9841
Attorney for Plaintiff

# United States District Court

## District Of Oregon

## Portland Division

**REBECCA DIKES, Personal Representative**
**For the Estate of SHAWN C. DIKES**,

          Plaintiff,                                     COMPLAINT for Personal Injury
                                                         Action under the Federal Tort
                                                         Claims Act. 28 U.S.C. § 1346(b)(1).

     v.                                                  (Medical Malpractice)

**UNITED STATES of America**,

          Defendant.
_____

## Original Complaint

This is a medical malpractice case for monetary damages arising out of the injuries and

ultimate death suffered by Shawn C. Dikes ("Mr. Dikes"), while a patient at the Portland VA

**ANGEL LAW PC**
6960 SW Varns Street, Suite 110
Portland, OR 97223
Ph (503) 953-8224 ~ Fx (503) 828-9841

Medical Center. Plaintiff complains of the United States of America ("defendant") and would show the Court:

## 1. PARTIES

1.1. Mr. Dikes died in Portland, Oregon on October 31, 2012, while being treated at the Portland VA Medical Center. He was a resident of Apache Junction, Arizona and was a veteran of the Army. In 1985, he was honorably discharged from his service. At the time of the facts giving rise to this lawsuit, Mr. Dikes was 52 years old.

1.2. Plaintiff Rebecca Dikes is the surviving spouse of Shawn C. Dikes and was duly appointed as personal representative of the estate of Shawn C. Dikes deceased, by the Multnomah County Probate Court on March 29, 2017.

1.3. Defendant is the United States of America, its agents, servants and employees.

## 2. JURISDICTION, SERVICE OF PROCESS AND VENUE

2.1. This Federal District Court has jurisdiction because this case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. United States Title 28, section 1346(b)(1) vests exclusive jurisdiction with the district courts for all actions against the United States for money damages arising out of personal injury caused by the negligent or wrongful act or omission of any employee on the United States of America.

2.2. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, by serving a copy of the Summons and of the Complaint on United State Attorney Billy J. Williams, United States Attorney for the District of Oregon, by certified mail, return receipt requested at his office, United States Attorney, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, Oregon

**ANGEL LAW PC**
6960 SW Varns Street, Suite 110
Portland, OR 97223
Ph (503) 953-8224 ~ Fx (503) 828-9841

97204, to the attention of the Civil Process Clerk; and by serving a copy of the Summons
and Plaintiff's Original Complaint on Loretta E. Lynch, Attorney General for the United
States, by certified mail, return receipt requested, at the Attorney General's Office, U.S.
Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001, to
the attention of the Civil Process Clerk.

2.3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) and 28 U.S.C. §
1402(b), as the United States is a defendant and a substantial part of the events or
omissions giving rise to the claim occurred in this district.

### 3.  Liability of the United States of America

3.1.  This case is commenced and prosecuted against the United States of America under the
Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. Liability of the United States is
predicated 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting
damages were proximately caused by the negligence, wrongful acts or omissions of
agents or employees of the United States of America working for the Department of
Veterans Affairs in Portland, Oregon, while acting within the scope of their employment,
under the circumstances where the United States, if a private person, would be liable to
the plaintiff in the same manner and to the same extent as a private individual.

### 4.  Jurisdiction Prerequisites

4.1.  Plaintiff pleads pursuant to Title 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth
within this complaint were filed with and presented administratively to the defendant's
agency, the Department of Veterans Affairs.

Page  3  - COMPLAINT

4.2. Regional Counsel for the Department of Veterans Affairs received the Standard Form 95 related to this matter on August 26, 2014. The standard Form 95 set forth a claim for damages in the amount of $8,000,000.00. On October 13, 2016, the Department of Veterans Affairs sent a final denial letter, denying plaintiff's claims. This lawsuit was filed within six (6) months of the final denial of Plaintiff's administrative claims.

4.3. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## 5. Agency and Employment

5.1. The United States Department of Veterans Affairs is an agency of the United States of America. The United States of America, through its agency, at all times material to this lawsuit, owned, operated and controlled the Portland, Oregon Veterans Affairs Medical Center and staffed it with its agents, servants or employees.

5.2. In May through October 2012, Mr. Dikes presented as a patient on multiple occasions to the Portland, Oregon Veterans Affairs Medical Center and its medical providers.

5.3. In May through October of 2012, Mr. Dikes' medical providers at the Portland, Oregon Veterans Affairs Medical Center were acting within the course and scope of their employment with the Department of Veterans Affairs.

5.4. At all times material to this lawsuit, Ann Busch Critical Nurse Specialist, Cynthia Britton PA, Monirath Saly MD, Thurman Mark Earl MD, Kayvan Roayaie MD and Susan Orloff MD were employees or agents of the United States of America's agency, Portland VA Medical Center and were acting in the course and scope of their employment when they treated Shawn Dikes.

Page  4  - COMPLAINT

## 6. TIMELINE OF EVENTS

6.1. On May 18, 2012, Mr. Dikes underwent a liver transplant; during this procedure surgeons also removed his gallbladder. No complications were reported and the surgery was reported as successful. Although the discharge summary dated May 25, 2012, noted an accumulation of ascites (fluid in the abdomen), Mr. Dikes's blood work was believed to be adequate for discharge.

6.2. Approximately three weeks later on June 14, 2012, Mr. Dikes had to be hospitalized for abdominal pain, distended abdomen and nausea. In addition, during at CT scan, providers found Mr. Dikes had a buildup of fluid in his abdomen. Eight (8) liters of fluid were drained from Mr. Dikes' abdomen. Instead of performing additional testing, he was prescribed medication for the prevention of future fluid buildups.

6.3. Mr. Dikes continued to experience abdominal pain and distention; liver complications began to develop. A biopsy was performed on June 26, 2012, in response to a rise in Mr. Dikes' liver enzymes. The pathology report stated, "Intra-hepatocellular cholestasis (condition in which the flow of bile from the liver is slowed or blocked); no evidence of transplant rejection; no evidence of inflammation (Grade 0, Stage 0)." Again, no additional testing was ordered to find the cause of Mr. Dikes' symptoms.

6.4. Mr. Dikes' condition continued to deteriorate and his liver enzymes continued to rise. On August 9, 2012, Mr. Dikes' providers again drained fluid from his abdomen, on this occasion, Mr. Dikes went from weighing 173 pounds when he presented for his appointment at 9:05 am to 147 pounds just three hours later a lose of 26 pounds. This converted to 9.5 liters of fluid. Despite this, VA care providers failed to take reasonable

Page  5  - COMPLAINT

medical steps necessary to rule out biliary obstruction or otherwise properly diagnose Mr. Dikes' condition.

6.5. Mr. Dikes was admitted to the Portland VA Medical Center on multiple occasions over the next few months, providers continued to drain the fluid from his abdomen and ordered at least four liver biopsies which showed the unrelenting decline of his liver. VA care providers failed to perform appropriate diagnostic imaging or any other testing which would have determined the underlying cause of Mr. Dikes' symptoms.

6.6. It was not until after Mr. Dikes' death, on October 31, 2012, more than five months after he began reporting his symptoms to care providers at the Portland VA Medical Center, that a diagnosis was made during his autopsy. The "Final Anatomic Diagnosis" was Choledocholithiasis (presence of at least one gallstone in the common bile duct

## 7. Cause of Action

7.1. United States healthcare providers were negligent in the care and treatment of Mr. Dikes, which directly caused his death on October 31, 2012.

7.2. Defendant, United States of America, was negligent in one or more of the following:

7.2.1.   Defendant failed to timely and properly care for Mr. Dikes;

7.2.2.   Defendant failed to timely and properly evaluate Mr. Dikes;

7.2.3.   Defendant failed to timely and properly monitor Mr. Dikes;

7.2.4.   Defendant failed to timely and properly provide follow-up testing, including obtaining appropriate imaging of Mr. Dikes;

**ANGEL LAW PC**
6960 SW Varns Street, Suite 110
Portland, OR 97223
Ph (503) 953-8224 ~ Fx (503) 828-9841

7.2.5.  Defendant failed to timely and properly treat Mr. Dikes or in the alternative transfer Mr. Dikes to a medical facility that could timely and appropriately provide the care he needed.

7.3.  At all material times relevant to this lawsuit, the officers, employees, agents or representatives of the United States were negligent and causative of the injuries and damages sustained by Mr. Dikes.

## 8.    DAMAGES

8.1.  As a direct result of the actions and inactions of defendants, and each of them, Shawn Dikes endured and suffered severe physical and emotional distress, his medical condition was exacerbated and he died as a result. Shawn Dikes' family has been denied his love, society and companionship. Mr. Dikes' estate and his family are entitled to compensatory damages in the sum of $8,000,000.

8.2.  As a direct result of the negligence of the United States employee healthcare providers, Shawn Dikes and his estate have sustained damages and injuries including:

8.2.1.  Pain, suffering, mental anguish and death;

8.2.2.  Loss of earning and earning capacity;

8.2.3.  Loss of enjoyment;

8.2.4.  Out-of-pocket expenses;

8.2.5.  Loss of companionship; and

8.2.6.  Other pecuniary damages.

Page  7  - COMPLAINT

8.3. In addition, Mr. Dikes' estate seeks recovery of all other damages to which it is entitled pursuant to the applicable state and federal laws.

## 9. CONCLUSION

9.1. Plaintiff requests that the defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, plaintiff has a judgment against the defendant, for the amount of actual damages; and for such other and different amounts as they shall show proper amendment before trial, for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both economic and non-economic damages, to which plaintiff may show itself entitled and to which the Court believes it deserving.

DATED this 11th day of April 2017.

Respectfully Submitted,

*/s/ Patrick D. Angel*
Patrick D. Angel OSB No. 032672
Telephone: (503) 953-8224
patrick@angellawpc.com
Attorney for Plaintiff, and
Trial Attorney

Page  8  - COMPLAINT