IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA DIKES, Personal
Representative for the Estate
of Shawn C. Dikes,

        Plaintiff,

v.

UNITES STATES OF AMERICA,

        Defendant.

3:17-cv-00573-BR

OPINION AND ORDER

**PATRICK D. ANGEL**
Angel Law P.C.
3 Centerpointe Dr., Suite 190
Portland, OR 97223
(503) 953-8224

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**SEAN E. MARTIN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Defendant

**BROWN, Senior Judge.**

    This matter comes before the Court on Defendant United

1 - OPINION AND ORDER

States of America's Motion (#27) for Partial Summary Judgment.

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

Plaintiff Rebecca Dikes as Personal Representative of the Estate of Shawn C. Dikes, her husband, brings this wrongful-death action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). Plaintiff alleges the Portland Veterans Affairs Medical Center was negligent in providing medical services to her husband. Plaintiff seeks damages of $8,000,000 for (1) economic damages for loss of earnings, loss of earning capacity, and out-of-pocket expenses and (2) noneconomic damages for pain, suffering, mental anguish, death, loss of enjoyment, and loss of companionship.

## STANDARDS

I. **Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a

2 - OPINION AND ORDER

dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20,

3 - OPINION AND ORDER

2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## II. Oregon's Noneconomic Damages Cap

Pursuant to Oregon law, an award of noneconomic damages is limited as follows:

> Except for claims subject to ORS 30.260 to 30.300 [the Oregon Tort Claims Act] and ORS chapter 656 [the Oregon Workers' Compensation Act], in any civil action seeking damages arising out of bodily injury, including emotional injury or distress, death or property damage of any one person including claims for loss of care, comfort, companionship and society and loss of consortium, the amount awarded for noneconomic damages shall not exceed $500,000.

Or. Rev. Stats. § 31.710(1).[1]

---

[1] This statute was originally enacted in 1987 as Oregon Revised Statutes § 18.560(1).

**DISCUSSION**

Damages awarded pursuant to the FTCA are determined under the law of the state in which the allegedly tortious act or omission occurred. *Molzof v. United States*, 502 U.S. 301, 305 (1992). *See also Liebsack v. U.S.*, 731 F.3d 850, 855 (9th Cir. 2013). Thus, Defendant contends Plaintiff's recovery for noneconomic damages in this case is limited to the $500,000 statutory noneconomic damages cap pursuant to Oregon Revised Statutes § 31.710(1). Defendant relies on *Greist v. Phillips*, 322 Or. 281 (1995), to support its position

Plaintiff, in response, contends her noneconomic damages are not limited to $500,000 on the ground that application of Oregon's damages cap was "significantly changed" by the Oregon Supreme Court's holding in *Horton v. Oregon Health and Science University*, 359 Or. 168 (2016). Plaintiff asserts (1) *Horton* removed any distinction between application of the statutory damages cap to wrongful-death claims and personal-injury claims, (2) the application of the statutory-damages cap is "highly case-specific" and cannot be applied as a matter of law, and (3) a determination as to whether the statutory cap is applicable cannot be made until evidence of Plaintiff's noneconomic damages is presented at trial.

I.  *Greist v. Phillips* (1995)

From 1967 until 1987 when the Oregon Legislature enacted the statutory-damages cap at issue in Defendant's Motion, there was not a cap on noneconomic damages under Oregon law.

In 1995 the Oregon Supreme Court in *Greist v. Phillips* addressed whether the statutory-damages cap applies to a claim for wrongful death and whether that cap violates provisions of the Oregon state and federal constitutions.

In *Greist* the plaintiff brought a wrongful-death action pursuant to Oregon Revised Statutes § 30.020 against the defendants for their alleged negligence that resulted in a motor-vehicle accident and the death of the plaintiff's 10-month-old child. In addition to economic damages, the jury awarded $1,500,000 to the plaintiff for noneconomic damages. Pursuant to the statutory-damages cap, the trial court reduced the noneconomic damages to $500,000. On the plaintiff's appeal the Oregon Court of Appeals reversed the trial court's decision. 128 Or. App. 390 (1994). The Oregon Supreme Court, however, affirmed the trial court's decision and held a wrongful-death claim is a statutory creation that did not exist at common law, that the statutory cap on noneconomic damages does not violate either state or federal constitutional provisions, and that the statutory-damages cap does not violate the remedies provision

(Article I, section 10) of the Oregon Constitution "when the legislature alters (or even abolishes) a cause of action, so long as the party injured is not left entirely without a remedy." 322 Or. at 290, 300 (citing *Hale v. Port of Portland*, 308 Or. 508, 523 (1989)). The court also noted

> [t]he remedy for wrongful death is substantial, not only because 100 percent of economic damages plus up to $500,000 in noneconomic damages is a substantial amount, but also because the statutory wrongful death action in Oregon has had a low limit on recovery for 113 years of its 133-year history.

322 Or. at 291. Moreover, the court concluded the statutory-damages cap does not violate the privileges and immunities provision (Article I, section 20) of the Oregon Constitution because "[n]othing in the wording of [the constitutional provision] restricts the legislature's authority to set a substantive limitation on a purely statutory remedy." 322 Or. at 296.[2]

As to the alleged violation of federal due-process rights, the court stated:

> The Oregon legislature did not act in a "demonstrably arbitrary or irrational" way when it enacted ORS

---

[2] Although the court also found the statutory-damages cap does not violate the right to a jury trial (Article I, section 17 and Article VII (Amended), §3) of the Oregon Constitution (322 Or. at 295), that issue is irrelevant here because Plaintiff's action is brought pursuant to the FTCA and a jury trial is "impermissible" as a matter of federal law. *Nurse v. United States*, 266 F.3d 996, 1005 (9th Cir. 2000).

7 - OPINION AND ORDER

>           18.560(1). . . . The legislative history of that
>           provision shows that the purpose of the limitation on
>           noneconomic damages . . . was to reduce the costs of
>           insurance premiums and litigation.

322 Or. at 298-99. Finally, the court concluded the statutory-damages cap does not violate federal equal-protection rights on the grounds that the statute "does not categorize the plaintiff on the basis of an inherently suspect characteristic" and

>           does not jeopardize the exercise of a recognized
>           fundamental right in this case, because the right to
>           collect damages for wrongful death is a statutory
>           right only, which has incorporated a dollar limit on
>           recovery for most of its existence . . . [and] there
>           existed a rational basis for the legislature to impose
>           the statutory limit.

322 Or. at 300.

Following *Greist*, Oregon state courts and courts in this district have held the statutory-damages cap on noneconomic damages applies to wrongful-death claims. *See, e.g., Hughes v. PeaceHealth*, 344 Or. 142 (2008); *Sonsteng v. Dominican Sisters of Ontario, Inc.*, No. 2:06-cv-00476-SU, 2007 WL 2984002 (D. Or. Oct. 9, 2007); *Glenn v. Washington County*, No. 3:08-cv-00959-MO, 2010 WL 11579692 (D. Or. Apr. 13, 2010); *Estate of Glenn Severns v. Alcoa*, No. 3:10-cv-00834-HA, 2010 WL 3649948 (D. Or. Sept. 14, 2010).

II. ***Horton v. Oregon Health and Science University* (2016)**

In 2016 in *Horton v. Oregon Health and Science University*

the Oregon Supreme Court addressed the issue as to whether the statute limiting a state employee's tort liability violates provisions of the Oregon Constitution.

In *Horton* the plaintiff, on behalf of her minor child, brought a personal-injury action against a state university and the surgeon it employed and alleged the defendants were negligent when performing cancer surgery on her child resulting in a liver transplant, spleen removal, additional surgeries, and lifetime monitoring due to risks from the surgeon's actions. The defendants admitted liability, and the issue of plaintiff's damages was tried to a jury. The jury awarded the plaintiff over $6 million in economic damages and $6 million in noneconomic damages. The trial court granted the university's motion to reduce the verdict to $3,000,000 under the Oregon Tort Claims Act (OTCA), Oregon Revised Statutes § 30.265. The trial court, however, denied the surgeon's motion to reduce the verdict against him on the ground that the OTCA, as applied to a state employee, violates the remedy and jury-trial provisions of the Oregon Constitution. The trial court entered a limited judgment against the surgeon for the full amount of awarded damages.

On direct appeal the Oregon Supreme Court reversed the trial court's limited judgment against the surgeon and held

9 - OPINION AND ORDER

(1) the remedy clause of the state constitution does not protect only those causes of action that pre-existed the constitution's adoption, (2) the OTCA does not violate the remedy clause, (3) the civil jury provision of the state constitution does not limit the legislature's authority to define the extent of damages available, and (4) the OTCA is not unconstitutional under the jury-trial provisions of the state constitution. 359 Or. 168 (2016).

### III. Oregon Case Law after *Horton*

After the *Horton* decision the Oregon Court of Appeals applied holding in three personal-injury cases and held in each case that the $500,000 statutory-damages cap applied to the plaintiff's claim, but the court also found the statute violated the remedy clause of the Oregon Constitution.

In *Vasquez v. Double Press Mfg., Inc.*, 288 Or. App. 503 (2017), *rev. allowed*, 362 Or. 665 (2018), the plaintiff was injured while using a bale-cutting machine and brought a claim of negligence against the machine manufacturer. The jury awarded plaintiff $6,199,090.02 in damages with $4,860,000 of that amount for noneconomic damages. The defendant moved to limit the noneconomic damages to the $500,000 statutory-damages cap, but the trial court denied the defendant's motion. The Court of Appeals initially affirmed the trial court. 278 Or.

App. 77 (2016). The defendant, however, sought reconsideration of that decision. The court granted reconsideration and withdrew its former opinion. On reconsideration the Court of Appeals again affirmed the trial court's decision on the ground that the statutory-damages cap violated the remedy clause and would leave the plaintiff with a remedy that was a "paltry fraction" of the damages he sustained and could otherwise recover. 288 Or. App. at 525-26.

In *Rains v. Stayton Builders Mart, Inc.*, 289 Or. App. 672 (2018), the worker was injured when a board on which he was standing broke. He fell 16 feet to the ground, which resulted in his paraplegia. The worker and his wife brought claims against the retailer and the manufacturer of the board for strict products liability and loss of consortium. The jury awarded the plaintiffs $5,237,700 in economic damages and $4,137,500 in noneconomic damages. The manufacturer moved to reduce the noneconomic damages to the $500,000 statutory-damages cap. The trial court denied the manufacturer's motion, reduced the award based on comparative fault found by the jury, and entered a judgment that included noneconomic damages exceeding the statutory-damages cap. The Court of Appeals again affirmed the limited judgment in favor of the plaintiffs on the ground that the statutory-damages cap violated the remedy provision of

the Oregon Constitution.

In *Busch v. McInnis Waste Systems, Inc.*, 292 Or. App. 820 (2018), the plaintiff was injured crossing the street when he was struck by the defendant's garbage truck, which resulted in the amputation of the plaintiff's leg. The plaintiff filed a personal-injury action against the company. The defendant admitted liability, and the case proceeded to trial on the issue of damages. The jury awarded the plaintiff over $3,000,000 in economic damages and $10,500,000 in noneconomic damages. The defendant moved to reduce the noneconomic damages to the $500,000 statutory-damages cap, and the trial court granted the defendant's motion. The Court of Appeals reversed the trial court and held the statutory damages cap violated the remedy clause.

**IV. Analysis**

    **A.   Plaintiff's noneconomic damages are capped at $500,000 under Oregon law in this wrongful-death action.**

Plaintiff acknowledges the statutory-damages cap "may be" unconstitutional in a wrongful-death action as a result of the court's decision in *Horton*. Defendant, in response, points out that *Horton* did not involve a wrongful-death action, and the courts in *Horton* and its progeny specifically addressed the statutory-damages cap as to personal-injury cases. Defendant,

therefore, contends neither *Horton* nor its progeny diminished the holding in *Greist*. This Court agrees.

In *Horton* the plaintiff brought a person-injury action. The court noted the remedy clause "does not protect only those causes of action that pre-existed 1857 [when the Oregon Constitution was adopted], nor does it preclude the legislature from altering either common-law duties or the remedies available for breach of those duties." 359 Or. at 219. The court, however, then set out three analyses to use to determine when the remedy clause limits legislative determination of damage awards:

> In determining the limits that the remedy clause places on the legislature, our cases have considered three general categories of legislation. First, when the legislature has not altered a duty but has denied a person injured as a result of a breach of that duty any remedy, our cases have held that the complete denial of a remedy violates the remedy clause. *See Noonan,* 161 Or. at 222-35, 88 P.2d 808 (summarizing *Mattson* and cases following it). Similarly, our cases have held that providing an insubstantial remedy for a breach of a recognized duty also violates the remedy clause. *Compare Clarke,* 343 Or. at 608, 610, 175 P.3d 418 ($200,000 capped damages not substantial in light of $12,000,000 in economic damages and $17,000,000 in total damages), with *Howell,* 353 Or. at 376, 298 P.3d 1 ($200,000 capped damages substantial in light of $507,500 in total damages).
>
> Second, the court has recognized that the reasons for the legislature's actions can matter. For example, when the legislature has sought to adjust a person's rights and remedies as part of a larger statutory scheme that extends benefits to some while limiting

> benefits to others, we have considered that *quid pro quo* in determining whether the reduced benefit that the legislature has provided an individual plaintiff is "substantial" in light of the overall statutory scheme. *Hale,* 308 Or. at 523, 783 P.2d 506.
>
> Third, the legislature has modified common-law duties and, on occasion, has eliminated common-law causes of action when the premises underlying those duties and causes of action have changed. In those instances, what has mattered in determining the constitutionality of the legislature's action is the reason for the legislative change measured against the extent to which the legislature has departed from the common law. *See Perozzi,* 149 Or. at 348, 40 P.2d 1009. That is, we have considered, among other things, whether the common-law cause of action that was modified continues to protect core interests against injury to persons, property, or reputation or whether, in light of changed conditions, the legislature permissibly could conclude that those interests no longer require the protection formerly afforded them. *See Norwest,* 293 Or. at 563, 652 P.2d 318 (discussing legislative abolition of common-law torts of criminal conversation and alienation of affections).

359 Or. 218-20. This Court notes this analysis did not eliminate the distinction between common-law personal-injury cases and statute-based wrongful-death cases. Instead the court recognized the need to look to the common law when analyzing the adequacy of a remedy and stated "common-law causes of action and remedies provide a baseline for measuring the extent to which subsequent legislation conforms to the basic principles" of the remedy clause. *Id.* at 218.

This Court also notes Plaintiff's case here does not fall within any of the three categories announced in *Horton* that

form the basis to find a violation of the remedy clause. First, the wrongful-death statute does not "alter[] a duty" or "den[y] a person injured as a result of a breach of that duty any remedy." *Id.* at 219. Instead the wrongful-death statute created a cause of action where none existed. *See Hughes v. PeaceHealth*, 344 Or. 142, 147 (2008)("In Oregon, wrongful death is an entirely statutory cause of action and has no basis in the common law."). The noneconomic statutory-damages cap similarly does not deny a remedy that existed at common law, but merely limits the liability for the statutorily-created cause of action. The court in *Greist* noted there was not a statutory limit on noneconomic damages until the Oregon Legislature enacted the damages cap, and, "[a]lthough that remedy is not precisely of the same extent as that to which plaintiff was entitled before the enactment [of the cap], that remedy is substantial." *Id.* at 219.

In addition, this case does not meet the requirements of the second *Horton* category that applies a *quid pro quo* analysis to determine whether "the legislature has sought to adjust a person's rights and remedies as part of a larger statutory scheme that extends benefits to some while limiting benefits to others." *Id.* In *Horton* the court concluded the Legislature's enactment of the OTCA did not alter the duty that

15 - OPINION AND ORDER

doctors owed their patients, but instead limited a plaintiff's remedy for a breach of that duty. The Legislature also did not limit or take away a plaintiff's existing remedy when it enacted the wrongful-death statute, but instead created both a right and a remedy that did not previously exist. Although the Oregon Court of Appeals ultimately concluded in *Vasquez* that the statutory-damages cap was unconstitutional, the court noted the statute "is not part of a *quid pro quo* statutory scheme as understood in remedy clause of the Oregon constitution." 288 Or. App. at 520.

Finally, this case does not fall within the third *Horton* category for eliminating common-law causes of action because, as noted, the wrongful-death statute created a cause of action where none existed at common law. Pursuant to the wrongful-death statute, Plaintiff has a claim and a potential recovery of all her economic damages and up to $500,000 in noneconomic damages. As the court held in *Greist*, Plaintiff's remedy here (application of the statutory-damages cap) does not offend the remedy clause of the Oregon Constitution.

**B. Defendant is entitled to judgment as a matter of law that Plaintiff's damages are capped.**

Plaintiff contends even if the cap on noneconomic damages applies, the Court cannot make that determination until

evidence of such damages is presented at trial, the amount of damages is determined by the fact-finder, and the actual award is then compared to the reduced damages under the statute to determine whether recovery is "substantial." Plaintiff, however, does not cite to any authority to support this argument and neither does Defendant address this issue in its Reply brief.

Although Plaintiff has not pled a specific amount of noneconomic damages, it is undisputed that Plaintiff seeks recovery of $8,000,000 in damages for her husband's alleged wrongful-death. Viewing this fact in the light most favorable to Plaintiff without speculating as to the extent of damages that Plaintiff may or may not have suffered or the ultimate application of the statute, the Court concludes as a matter of the law that the $500,000 statutory-damages cap applies to Plaintiff's recovery of noneconomic damages. Thus, the Court finds Defendant is entitled to prevail as a matter of law on this issue at this stage of the proceedings.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion

(#27) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 13th day of December, 2018.

*[signature]*

ANNA J. BROWN
United States Senior District Judge